IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Robert Henry Hawke, | ) C/A No. 4:11-2759-RBH-KDW |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| | ) FOR PARTIAL DISMISSAL |
| State of South Carolina; Nancy Livesay, Assistant Solicitor; Horry County 15th Judicial Circuit Court; Steven H. John, Administrative/Resident Judge; City of Myrtle Beach; Kristopher Bullard-Wolf, #7831, | ) |
| Defendants. | ) |

Plaintiff Robert Henry Hawke, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee in the J. Reuben Long Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names government officials, employees and entities as defendants, thus is subject to screening pursuant to 28 U.S.C. § 1915A. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Although the Complaint is liberally construed to state a § 1983 claim against the arresting officer, the remaining defendants should be dismissed as parties to this case.

**FACTUAL BACKGROUND**

Plaintiff files a civil rights action claiming violation of his constitutional rights for speedy trial and due process, as well as false arrest and malicious prosecution, in relation to pending state court criminal proceedings. ECF No. 1. Plaintiff alleges he was falsely arrested on July 5, 2009, and he has been denied a speedy trial, although he has persistently requested that a trial date be set. *Id*. at 4-5. He also alleges his due process rights have been violated because he has not received

evidence which was ordered to be given to him because he is representing himself in his criminal proceedings. *Id*. The Complaint appears to name as defendants the State; a city; a court; and individuals, including a state prosecutor, a judge, and the arresting officer, in connection with Plaintiff's pending state criminal proceeding. Plaintiff seeks monetary damages, dismissal of the criminal charges pending against him, and release from incarceration. *Id*. at 6.

Plaintiff previously filed a section 1983 action against several of the same Defendants based on false arrest and malicious prosecution. *Hawke v. Livesay*, C/A No. 4:11-139-RBH (D.S.C. April 6, 2011). Plaintiff's prior case was dismissed without prejudice for failure to state a claim. In the current Complaint, Plaintiff sues the arresting officer, claiming arrest without a warrant or probable cause, as well as several defendants that are not subject to suit.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails

to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I-iii); *see also* 28 U.S.C. § 1915A (same standard applicable to action filed by prisoner against government and government employees).

This court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the pro se petition is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

As an initial matter, several Defendants are immune from suit under §1983. Immunity presents a threshold question which should be resolved before even discovery is allowed. *See Siegert v. Gilley*, 500 U.S. 226 (1991). Absolute immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

<u>Defendants Immune From Suit</u>

It is not clear that Plaintiff intended to name Judge John as a party to this action; however, if construed as a named party, Defendant John has absolute judicial immunity from suit under § 1983. Defendant John is a state judge, and the factual allegations concerning Defendant John are

3

actions that he took in the performance of his duties as a judge. The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). Therefore, it is recommended that Defendant John be dismissed as a defendant in this case based on his absolute immunity from suit.

In as much as the Complaint names the State of South Carolina and the Horry County 15th Judicial Circuit Court as party defendants, they also are immune from suit. The Eleventh Amendment to the United States Constitution divests the court of jurisdiction to entertain suits against the State of South Carolina and its integral parts, whether brought by citizens of South Carolina or citizens of another state. *See Alden v. Maine*, 527 U.S. 706, 728-29 (1999) (Eleventh Amendment confirmed constitutional principle of sovereign immunity, which derives from Constitution's structure itself, not the Eleventh Amendment); *Edelman v. Jordan*, 415 U.S. 651, 663, (1974). The courts of the Fifteenth Judicial Circuit in Horry County, South Carolina are integral parts of the State as part of the unified judicial system, and so also have Eleventh Amendment immunity. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."). Defendants State of South Carolina and Horry County 15th Judicial Circuit Court should be dismissed as defendants in this case based on their immunity from suit.

Prosecutorial immunity bars suit against Defendant Livesay, who is an assistant solicitor, prosecuting criminal matters for the State of South Carolina. The Supreme Court has specifically held that "state prosecutors have absolute immunity from liability for their actions in initiating prosecutions." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) (citing *Imbler v. Pachtman*, 424 U.S.

4

409 (1976)). In *Imbler*, the Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process[.]" *Imbler*, 424 U.S. at 430. Plaintiff alleges Defendant Livesay represented the State in court hearings in Plaintiff's pending criminal case, and was twice required by the judge to set a trial date, but no trial has taken place. ECF No. 1 at 4. Plaintiff's factual allegations concerning the state criminal case proceedings indicate that the actions of Defendant Livesay were within the scope of her prosecutorial duties. Thus, Defendant Livesay has prosecutorial immunity from suit in this § 1983 action and should be dismissed based on her immunity from suit.

Defendant City of Myrtle Beach

The Complaint could be interpreted to name the City of Myrtle Beach simply as the place of employment of the arresting officer, Defendant Bullard-Wolf, rather than as a named party. However, even if liberally construed as naming the city as a defendant, the Complaint fails to state a claim against the city. Plaintiff has not alleged that the City of Myrtle Beach was involved in any of the actions alleged to have violated his constitutional rights. Plaintiff cannot state a claim under § 1983 against the city for liability merely based on the acts of its employees, which is a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The City of Myrtle Beach should be dismissed.

Malicious Prosecution

To the extent Plaintiff alleges a malicious prosecution claim, for the same reasons as explained in his prior action, his claim fails. *See Hawke v. Livesay*, C/A No. 4:11-139-RBH (D.S.C. April 6, 2011). To state a § 1983 malicious prosecution claim for a seizure in violation of the Fourth

5

Amendment, the seizure must be "pursuant to legal process that was not supported by probable cause" and "that the criminal proceedings [have] terminated in [plaintiff's] favor." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996). The Complaint does not allege that Plaintiff's criminal proceeding has terminated in his favor, so a malicious prosecution claim has not been stated.

Relief Requested

The Complaint not only requests monetary damages, but seeks Plaintiff's release from incarceration, as well as dismissal of the criminal charges pending against Plaintiff. Plaintiff's request for release from prison cannot be considered in a § 1983 civil rights action, but must be presented in a petition for a writ of habeas corpus, after state court remedies have been exhausted. *See Heck v. Humphrey*, 512 U.S. 477 (1994) ("Release from prison is not a remedy available under 42 U.S.C. § 1983."); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive, sole federal remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Similarly, dismissal of state criminal charges is not an available remedy in this case. Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceeding. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue*, the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue*, 887 F.2d at 52. Plaintiff's claim for violation of his constitutional rights has been, and can continue to be, pursued

6

in his state criminal case. Also, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits a federal court from enjoining state court proceedings and applies to prohibit the requested action of ordering dismissal of the state criminal charges against Plaintiff. None of the delineated exceptions in the Anti-Injunction Act are present in this case. *See* 28 U.S.C. § 2283.

The Complaint also seeks monetary damages under § 1983 for constitutional violations related to Plaintiff's state criminal proceedings. In *Heck v. Humphrey*, 512 U.S. at 486, the Court held that a state prisoner could not bring a § 1983 suit for damages when a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence. In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court clarified that the holding in *Heck* was inapplicable in the pre-conviction setting to a claim of false arrest, as in this case. Thus, Plaintiff may pursue damages under § 1983 for false arrest.

## RECOMMENDATION

Accordingly, it is recommended that the district judge dismiss as party defendants all of the Defendants on the docket, except Defendant Bullard-Wolf, the arresting officer.

IT IS SO RECOMMENDED.

February 22, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).